United States District Court
Southern District of Texas
**ENTERED**
March 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARQUET SHUMATE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02170 |
| | § | |
| GATEWAY MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are United States Magistrate Judge Peter Bray's Memorandum and Recommendation (Doc. #20), Plaintiffs Marquet and Zoisa Shumate's (collectively, "Plaintiffs") Objections (Doc. #21), Defendant Gateway Mortgage's Objections (Doc. #22), and Defendant's Response in Opposition to Plaintiff's Objections (Doc. #23). The Magistrate Judge's findings and conclusions are reviewed de novo. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and the applicable legal authority, the Court adopts in part and declines to adopt in part the Memorandum and Recommendation.

In this case, Plaintiffs defaulted on their mortgage loan, prompting Defendant to foreclose on Plaintiff's home. Doc. #20 at 1–2. Seeking to enjoin the foreclosure sale, Plaintiffs filed this lawsuit in the 457th District Court of Montgomery County, Texas, alleging that Defendant violated the Texas Property Code, committed wrongful foreclosure, and violated the Real Estate Settlement Procedures Act. Doc. #1, Ex. 1. Defendant then removed the case to this Court based on federal question jurisdiction and diversity jurisdiction. Doc. #1. Accordingly, Plaintiffs filed two identical

Motions to Remand, arguing the Court lacks subject matter jurisdiction over this matter. Doc. #6; Doc. #9. Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to which Plaintiffs did not respond. Doc. #7. In his Memorandum and Recommendation, Magistrate Judge Bray recommends the Court deny the Motions to Remand, grant the Motion to Dismiss, and deny Plaintiffs leave to amend.

Plaintiffs object to Magistrate Judge Bray's finding that allowing Plaintiffs to amend their complaint would be futile. Doc. #21. In their Objection, Plaintiffs offer additional facts they assert will overcome the "futility" of amendment and also attempt to offer new causes of action. *Id.* However, Plaintiffs neither responded to Defendant's Motion to Dismiss, nor previously requested leave to amend. *See Abraham v. C/C PHH Mortg. Servs.*, No. 4:19-cv-4158, 2020 WL 826640, at *3 (S.D. Tex. Jan. 29, 2020) (denying leave to amend where "Plaintiff failed to respond to Defendant's Motion to Dismiss and [did] not [seek] leave to amend"), *report and recommendation adopted*, No. 4:19-cv-4158, 2020 WL 824104 (S.D. Tex. Feb. 19, 2020). Furthermore, the facts Plaintiffs present in their Objection would not overcome the pleading defects addressed in Magistrate Judge Bray's Memorandum and Recommendation. Therefore, Plaintiffs' objections are overruled.

Defendant objects to Magistrate Judge Bray's recommendation that this case be dismissed without prejudice, which appears to have been a typographical error. Doc. #22. The recommendation should have been to dismiss the case *with* prejudice, as Magistrate Judge Bray made a determination on the merits of Plaintiffs' claims and concluded that amendment would be futile. *See Goins v. Clear Creek Indep. Sch. Dist.*, No. H-24-3248, 2024 WL 5238663, at *9 (S.D. Tex. Dec. 26, 2024) (dismissing claims with prejudice because amendment would be futile). As such, Defendant's Objection is granted.

2

In conclusion, the Court adopts in part and declines to adopt in part the Memorandum and Recommendation (Doc. #20).  Plaintiffs' Motions to Remand (Doc. #6; Doc. #9) are hereby DENIED.  Furthermore, Defendant's Motion to Dismiss (Doc. #7) is hereby GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.  The Court will enter a separate final judgment.

It is so ORDERED.

**MAR 1 1 2026**

Date

The Honorable Alfred H. Bennett
United States District Judge